**George Guang YANG, Plaintiff–Appellant,**

v.

**KNIGHT RIDDER DIGITAL,**
**Defendant–Appellee.**

No. 05–16619.

United States Court of Appeals,
Ninth Circuit.

Submitted Oct. 17, 2006.[*]

Filed Dec. 12, 2006.

George Guang Yang, San Jose, CA, pro se.

Theresa M. Langa, Esq., Jones Day, San Francisco, CA, for Defendant–Appellee.

Before SKOPIL, FARRIS, and FERGUSON, Circuit Judges.

**MEMORANDUM**[**]

George Yang appeals pro se the district court's grant of summary judgment in his employment discrimination action against his former employer, Knight Ridder Digital (KRD). We affirm.

**DISCUSSION**

Yang was employed by KRD for a few weeks in 2003. He was terminated because KRD determined he was uncooperative, confrontational, and lacked the requisite communication skills for the job. Yang asserts, however, his discharge was impermissibly based on his age, race and national origin. We agree with the district court that Yang failed to submit evidence to rebut KRD's ample demonstration that Yang's discharge was for a legitimate business reason. *See McDonnell Douglas Corp. v. Green,* 411 U.S. 792, 804, 93 S.Ct. 1817, 36 L.Ed.2d 668 (1973) (noting burden shifts to employee to submit evidence demonstrating that employer's articulated reason is a pretext for discrimination). His claim of an isolated racial remark is not sufficient to demonstrate discriminatory intent. The alleged remark was neither proximate in time to Yang's termination nor made by the individual responsible for Yang's termination. *See Vasquez v. County of Los Angeles,* 349 F.3d 634, 640 (9th Cir.2003); *Manatt v. Bank of America,* 339 F.3d 792, 798–99 (9th Cir.2003). We accordingly affirm the summary judgment in favor of KRD.

---

[*] This panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

Yang also claims that KRD stole his ideas, created a hostile working environment for other minority and female employees, and committed "serious frauds in technology, taxation, auditing and reporting." None of these claims was properly before the district court and need not be considered for the first time on appeal. *See Brown v. City of Tucson,* 336 F.3d 1181, 1187 n. 11 (9th Cir.2003). Although Yang's claim of retaliatory discharge was raised below, it was neither alleged in his complaint nor administratively exhausted and therefore cannot be addressed. *See Freeman v. Oakland Unified Sch. Dist.,* 291 F.3d 632, 636 (9th Cir.2002). The district court did not err by refusing to compel additional discovery or impose sanctions because Yang did not explain what evidence he sought or how it would be relevant to his case. *See Theis Research, Inc. v. Brown & Bain,* 400 F.3d 659, 666 (9th Cir.2005). Finally, we affirm the denial of Yang's motion for reconsideration because there was no newly discovered evidence, an intervening change in the law, or a manifestly unjust decision. *See Dixon v. Wallowa County,* 336 F.3d 1013, 1022 (9th Cir.2003).

**AFFIRMED.**

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir. R. 36–3.